■ In the Matter of ABIGAIL S., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RANSOM S. III, Appellant. (Proceeding No. 1.) In the Matter of RANSOM S. IV, an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RANSOM S. III, Appellant. (Proceeding No. 2.) In the Matter of SHANNON S., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RANSOM S. III, Appellant. (Proceeding No. 3.) [800 NYS2d 39]—

In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding and disposition of the Family Court, Suffolk County

(Spinner, J.), entered October 4, 2004, which, after a hearing, found that he sexually abused and neglected his daughter Shannon, and made derivative findings of neglect and abuse as to his daughter Abigail and son Ransom IV, and (2) an order of protection of the same court dated October 4, 2004, requiring, inter alia, that visits with the subject children be supervised.

Ordered that the order of fact-finding and disposition is modified, on the law, by deleting the provisions thereof finding that the father derivatively abused Abigail and Ransom IV; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements, and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

Based upon our review of the record and deferring to the Family Court's resolution of credibility issues (*see Matter of Antonia QQ.,* 1 AD3d 841, 842 [2003]; *Matter of Nichole SS.,* 296 AD2d 618, 619 [2002]), we conclude that the Family Court's determination that the appellant sexually abused his daughter Shannon is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.,* 71 NY2d 112, 117 [1987]; *Matter of Jasmine A.,* 295 AD2d 504, 505 [2002]; *Matter of Katherine S.,* 271 AD2d 538 [2000]; *Matter of Kanisha W.,* 233 AD2d 325, 326 [1996]).

Further, while a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively neglected, here, the appellant's abuse of Shannon evinced a flawed understanding of a parent's duties and impaired parental judgment sufficient to support Family Court's findings of derivative neglect of Abigail and Ransom IV (*see Matter of Sabrina M.,* 6 AD3d 759, 761 [2004]; *Matter of Jasmine A., supra*; *Matter of Kanisha W., supra*; *Matter of James A.,* 217 AD2d 961 [1995]).

However, the Family Court erred in finding that the appellant derivatively abused Abigail and Ransom IV, since "the evidence that [Shannon] was sexually abused, standing alone, [is] insufficient to support a finding that the other children were abused" (*Matter of Starr H.,* 156 AD2d 1025, 1026 [1989]).

The appellant's remaining contentions are without merit. Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.