■ In the Matter of GRANT W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RAPHAEL A., Appellant. (Proceeding No. 1.) In the Matter of LYNEVE A., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RAPHAEL A., Appellant. (Proceeding No. 2.) [888 NYS2d 418]—In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Hamill, J.), dated July 11, 2008, as, after a hearing, found that he sexually abused the child Lyneve A., and derivatively neglected the child Grant W.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Based upon our review of the record and deferring to the Family Court's resolution of credibility issues (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Liza O.*, 47 AD3d 632 [2008]; *Matter of Barbara S.*, 244 AD2d 556, 557 [1997]), we conclude that the Family Court's determination that the father sexually abused the child Lyneve A. is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Jasmine A.*, 18 AD3d 546, 548-549 [2005]; *Matter of Nathaniel TT.*, 265 AD2d 611, 613-614 [1999]).

Additionally, while a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively neglected, here, the father's abuse of his daughter evinced a flawed understanding of his duties as a parent and impaired parental judgment sufficient to support the Family Court's finding of derivative neglect of the child Grant W. (*see Matter of Brian I.*, 51 AD3d 792, 793 [2008]; *Matter of Abigail S.*, 21 AD3d 380, 381 [2005]; *Matter of Raymond M.*, 13 AD3d 377, 377-378 [2004]). Skelos, J.P., Eng, Austin and Roman, JJ., concur.