■ In the MATTER OF DANIEL R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUCILLE R., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DARREN R., JR., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUCILLE R., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of DENISE R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUCILLE R., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of DEVONTE R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUCILLE R., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of LARISSA R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUCILLE R., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of LAUREN R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUCILLE R., Appellant, et al., Respondent. (Proceeding No. 6.) In the Matter of LORENZO R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUCILLE R., Appellant, et al., Respondent. (Proceeding No. 7.) In the Matter of DARREN R., SR., Respondent, v ACS KINGS et al., Respondents, and LUCILLE R., Appellant. (Proceeding No. 8.) [894 NYS2d 165]—

In a child custody proceeding pursuant to Family Court Act article 6, and related neglect proceedings pursuant to Family Court Act article 10, the mother appeals (1), as limited by her brief, from so much of a fact-finding order of the Family Court, Kings County (Hamill, J.), dated July 5, 2006, as, after a hearing, found that George D. sexually abused the children Denise R. and Larissa R., and that she failed to protect Denise R. and Larissa R. from the abuse and derivatively neglected the children Darren R., Jr., Devonte R., Lauren R., Daniel R., and Lorenzo R., (2), as limited by her brief, from stated portions of

an order of disposition of the same court dated October 27, 2008, which, inter alia, after a combined custody and dispositional hearing, released the children Daniel R. and Lauren R. to the custody of the father Darren R., Sr., and (3) from an order of the same court, also dated October 27, 2008, which, after a combined custody and dispositional hearing, granted the petitions of Darren R., Sr., for custody of Daniel R. and Lauren R.

Ordered that the appeal from so much of the fact-finding order as relates to Daniel R. and Lauren R., is dismissed, without costs or disbursements, as those portions of the fact-finding order were superseded by the order of disposition and are brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the fact-finding order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order granting the petition of Darren R., Sr., for custody of Daniel R. and Lauren R. is affirmed, without costs or disbursements.

The mother, Lucille R., has seven children, Denise R., Larissa R., Darren R., Jr., Devonte R. (hereinafter Devon), Lauren R., Daniel R., and Lorenzo R. (also referred to as Lorenzo D.). Darren R., Sr. (hereinafter the father), is the legal father of the eldest six children, Denise R., Larissa R., Darren R., Jr., Devon R., Lauren R., and Daniel R. The father of Lorenzo R. is George D.

In November 2003 an abuse and neglect proceeding was commenced against the mother, and her live-in companion, George D., based upon allegations that George D. sexually abused Denise and Larissa and the mother did not protect them from the abuse, and that unsanitary conditions were maintained in the home. In the fact-finding order, the Family Court, after a hearing, found that the allegations of abuse and neglect were sustained against George D. and the mother.

Thereafter, on August 24, 2006, the father was awarded temporary custody of Darren and Devon upon the mother's consent. On October 5, 2006, the father was awarded permanent custody of Darren and Devon upon the mother's consent, and the case was closed with respect to Denise and Larissa because they had reached the age of 18 years or were approaching the age of 18 years. On January 31, 2007, the father was awarded temporary custody of Daniel and Lauren.

In the order of disposition appealed from, the Family Court,

after a combined custody and dispositional hearing, released Daniel and Lauren to the custody of their father and awarded the mother unsupervised visitation. In the third order appealed from, the Family Court granted the father's petition for custody of Daniel and Lauren and awarded the mother unsupervised visitation.

On appeal, the mother claims that the conduct of George D. did not constitute sexual abuse, the allegations against her were not sustained, and the evidence did not establish that releasing Daniel and Lauren to the custody of their father was in their best interests.

At a fact-finding hearing in an abuse and/or neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child has been abused and/or neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1 [1985]). In such a case, the Family Court's findings with respect to credibility are entitled to great weight (*see Matter of Maithsa Edourd S.*, 27 AD3d 475, 476 [2006]; *Matter of H. Children*, 276 AD2d 485 [2000]).

During the course of the fact-finding hearing, testimony was elicited from Denise and Larissa that George D. touched their buttocks. Larissa claimed that she was subjected to this conduct repeatedly, for a period of about five years. Larissa also claimed that she saw George D. touch Denise on the buttocks. Denise also claimed that George D. repeatedly touched her on her leg or her buttocks. The repetitious nature of the conduct casts doubt on George D.'s claim that the touching was accidental.

The mother contends that the Family Court's finding, that George D.'s touching of Denise and Larissa constituted sexual abuse in the third degree, was not supported by the evidence because George D. did not commit these actions for the purpose of sexual gratification. However, the touching of the buttocks or the leg can constitute sexual abuse (*see Matter of Selena J.*, 35 AD3d 610 [2006]; *People v Gray*, 201 AD2d 961 [1994]; *People v Felton*, 145 AD2d 969, 971 [1988]), and the intent to gain sexual gratification may be inferred from the acts themselves (*see People v Stewart*, 57 AD3d 1312, 1315 [2008], *cert denied* 558 US —, 130 S Ct 1047 [2010]; *Matter of Kryzstof K.*, 283 AD2d 431 [2001]).

Further, the mother's claims that George D.'s conduct involved isolated incidents, or that she was not fully aware of the problem, are belied by evidence in the record, including her admission that the father told her that his daughters Denise and Larissa had complained to him about George D.'s conduct.

Denise further testified that on the night of November 13-14, 2003, she woke up in her bed with George D. on top of her and his hands going up her leg. He put a knife to her neck and said he did not want her or her brothers and sisters in the house because they created too many problems. The mother claims that Denise's account of this encounter with George D. indicates that George D. touched her to threaten her and force her to leave home. However, such touching would satisfy the elements of forcible touching pursuant to Penal Law § 130.52.

Further, the facts presented here, including the finding that Denise and Larissa were abused, demonstrates a flawed understanding of parental duties and impaired parental judgment by the mother sufficient to justify a finding that she derivatively neglected the other children (see Matter of Grant W. [Raphael A.], 67 AD3d 922 [2009]; Matter of Abigail S., 21 AD3d 380, 381 [2005]; Matter of Jasmine B., 4 AD3d 353 [2004]).

On the question of the proper placement of Daniel and Lauren, the "essential consideration" is the best interests of the children, and the Family Court's exercise of its discretion must have a sound and substantial basis in the record (Matter of Ramazan U., 303 AD2d 516, 517 [2003]). Under the totality of the circumstances, releasing Daniel and Lauren to the custody of the father had a sound and substantial basis in the record and will not be disturbed.

The mother's remaining contentions are without merit. Fisher, J.P., Florio, Belen and Austin, JJ., concur.