■ In the Matter of LAURYN H., a Child Alleged to be Abused and/or Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WILLIAM A., Appellant. (Proceeding No. 1.) In the Matter of KARIAM J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WILLIAM A., Appellant. (Proceeding No. 2.) [900 NYS2d 764]—

In two related child abuse and neglect proceedings pursuant to Family Court Act article 10, William A. appeals from an order of disposition of the Family Court, Kings County (Hamill, J.), dated February 26, 2009, which, upon two fact-finding orders (one as to each child) of the same court, each dated February 9, 2009, made after a hearing, finding that he sexually abused the child Lauryn H. and derivatively neglected the child Kariam J., respectively, released the children to the custody of the mother and placed him under the supervision of the Administration for Children's Services until February 25, 2010. The appeal from the order of disposition brings up for review the fact-finding orders.

Ordered that the appeal from so much of the order of disposition as placed the appellant under the supervision of the Administration for Children's Services until February 25, 2010, is dismissed as academic, without costs or disbursements, as that portion of the order of disposition expired by its own terms (*see Matter of Jordan E.*, 57 AD3d 539 [2008]; *Matter of Brian R.*, 48 AD3d 576 [2008]; *Matter of Daqwuan G.*, 29 AD3d 694 [2006]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the contention of the appellant, who was a "person legally responsible for the child's care" (Family Ct Act § 1042), the evidence adduced at the fact-finding hearing, including the sworn testimony of Lauryn H., was sufficient to prove, by the requisite preponderance of the evidence, that he committed a sex offense as defined by Penal Law § 130.65 (3) against that child (*see Matter of Commissioner of Social Servs. v Clayton F.*, 242 AD2d 329 [1997]). "Where, as here, there is conflicting testimony and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight" (*Matter of Heather S.*, 19 AD3d 606, 608 [2005]; *see Matter of Daniel R. [Lucille R.]*, 70 AD3d 839 [2010]; *Matter of Carine T.*, 183 AD2d 902 [1992]).

Although the 10-year-old complainant could not testify with certainty at the fact-finding hearing as to the date of the sexual abuse, which allegedly took place more than three years earlier, her testimony that the offense did indeed take place was unshaken on cross-examination, and the reliability of her testimony was amplified by her additional testimony detailing the lighting conditions at the time of the incident, that she was seated and clothed as the abuse took place while the appellant

was standing, and that she told someone at school about the incident the day after it happened. Accordingly, "[w]hatever contradictions were present in [Lauryn H.'s] testimony were insufficient to render the whole of her testimony incredible or to otherwise disqualify such testimony from establishing the facts of the abuse" (*Matter of Jasmine A.*, 18 AD3d 546, 548 [2005]).

Moreover, the Family Court properly considered the report filed by the school guidance counselor with the statewide central register of child abuse and maltreatment (*see* Family Ct Act § 1046 [a] [v]; Social Services Law § 413 [1] [a]).

The appellant's contention that the evidence failed to establish his intent to receive sexual gratification during the abuse is without merit. The element of intent to obtain sexual gratification (*see* Penal Law § 130.00 [3]) may be inferred here from the nature of the acts committed and the circumstances in which they occurred (*see Matter of Kryzstof K.*, 283 AD2d 431 [2001]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d at 839; *Matter of Raymond M.*, 13 AD3d 377 [2004]).

Additionally, while a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively neglected, here, the appellant's abuse of Lauryn H. evinced a flawed understanding of his duties as a parent and impaired parental judgment sufficient to support the Family Court's finding of derivative neglect of the child Kariam J. (*see Matter of Grant W. [Raphael A.]*, 67 AD3d 922 [2009]; *see Matter of Heather S.*, 19 AD3d at 608-609).

The appellant's remaining contentions are without merit. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.