■ In the Matter of JULIAN T. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA M., Appellant. [934 NYS2d 318]—

The "essential consideration" in the placement of a child in a child protective proceeding and in making an award of custody is the best interests of the child, and the Family Court's determination will be upheld where it has a sound and substantial basis in the record (*Matter of Howard A.W. v Nyah Vernell J.*, 88 AD3d 733, 734 [2011]; *see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Reyes v Polanco*, 83 AD3d 849, 850 [2011]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 842 [2010]; *Matter of Ramazan U.*, 303 AD2d 516, 517 [2003]).

Contrary to the mother's contention, the record supports the Family Court's determination that awarding custody to the father is in the best interests of the subject child. The mother and her boyfriend were arrested for severely beating the child when he was six years old, and the mother subsequently pleaded guilty to assault in the second degree and endangering the welfare of a child. Thereafter, in the child protective proceeding pursuant to Family Court Act article 10, the mother was found to have both abused and severely abused the child (*see* Family Ct Act § 1051 [e]). At the time of the dispositional hearing, the mother was incarcerated pursuant to her criminal convictions, and an order of protection was in place prohibiting her from having any contact with the child until July 5, 2017. In contrast, the testimony presented at the dispositional hearing demonstrated that the father had provided a safe and stable home for the child, and that the child was doing well in his care. Further, the father had demonstrated a willingness to foster a relationship between the maternal family and the child. Accordingly, the Family Court's determination awarding the father custody of the child has a sound and substantial basis in the record, and will not be disturbed (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Howard A.W. v Nyah Vernell J.*, 88 AD3d 733 [2011]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d at 842).

The mother's remaining contention is without merit. Dillon, J.P., Eng, Lott and Austin, JJ., concur.