■ In the Matter of MINDY W. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GAVRIEL W., Appellant. (Proceeding No. 1.) In the Matter of GOLDY W. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GAVRIEL W., Appellant. (Proceeding No. 2.) In the Matter of JOSEPH W. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GAVRIEL W., Appellant. (Proceeding No. 3.) In the Matter of ARI W. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GAVRIEL W., Appellant. (Proceeding No. 4.) In the Matter of YITZY W. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GAVRIEL W., Appellant. (Proceeding No. 5.) [939 NYS2d 885]—

In five related child protective proceedings pursuant to Family Court Act article 10, which were transferred from the Family Court, Rockland County, to the Supreme Court, Rockland County, the father appeals from a fact-finding order of the Supreme Court, Rockland County (Christopher, J.), dated March 24, 2011, which, after a hearing, found that he sexually abused and neglected the child Mindy W., and derivatively neglected the children Goldy W., Joseph W., Ari W., and Yitzy W.

Ordered that the fact-finding order dated March 24, 2011, is affirmed, without costs or disbursements.

The Supreme Court's determination that the appellant sexually abused and neglected his daughter Mindy W. is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175 [2010]; *Matter of Grant W. [Raphael A.]*, 67 AD3d 922 [2009]; *Matter of Abigail S.*, 21 AD3d 380 [2005]; *Matter of Heather S.*, 19 AD3d 606 [2005]).

Additionally, while a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively neglected, here, the father's sexual abuse of his daughter evinced a flawed understanding of his duties as a parent and impaired parental judgment sufficient to support the Family Court's finding of derivative neglect of Goldy W., Joseph W., Ari W., and Yitzy W. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Grant W. [Raphael A.]*, 67 AD3d at 922-923; *Matter of Abigail S.*, 21 AD3d at 381).

The father's remaining contentions are without merit. Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.