■ In the Matter of GLORIA M., an Infant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KILADI M., Appellant. (Proceeding No. 1.) In the Matter of CHRISTY M., an Infant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KILADI M., Appellant. (Proceeding No. 2.) In the Matter of ROSA M., an Infant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KILADI M., Appellant. (Proceeding No. 3.) In the Matter of JONG M., an Infant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KILADI M., Appellant. (Proceeding No. 4.) [947 NYS2d 578]—

In four related child protective proceedings pursuant to Family Court Act article 10, the father appeals (1) from a fact-finding order of the Family Court, Rockland County (Warren, J.), entered March 7, 2011, which, after a hearing, found that he sexually abused the child Rosa M., and derivatively neglected the children Christy M. and Gloria M., (2) from an order of disposition of the same court entered June 28, 2011, which, upon the fact-finding order entered March 7, 2011, and after a dispositional hearing, inter alia, placed the children Rosa M.,

Christy M., and Gloria M. in the custody of the Commissioner of Social Services of Rockland County, (3) from a fact-finding order of the same court entered July 14, 2011, which, after a hearing, found that he derivatively neglected the child Jong M., and (4) from an order of disposition of the same court entered September 7, 2011, which, upon the fact-finding order entered July 14, 2011, and after a dispositional hearing, placed the child Jong M. in the custody of the Commissioner of Social Services of Rockland County.

Ordered that the appeals from the fact-finding orders entered March 7, 2011, and July 14, 2011, are dismissed, without costs or disbursements, as the fact-finding orders were superseded by the orders of disposition and are brought up for review on the appeals from the orders of disposition; and it is further,

Ordered that the orders of disposition entered June 28, 2011, and September 7, 2011, are affirmed, without costs or disbursements.

Based upon our review of the record and deferring to the Family Court's resolutions of credibility issues (*see Matter of Lindsay B. [Carlton B.]*, 80 AD3d 763 [2011]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839 [2010]; *Matter of Maithsa Edourd S.*, 27 AD3d 475, 476 [2006]), we conclude that the Family Court's determination that the father sexually abused his daughter Rosa M. is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Andrew W. [Randolph A.W.]*, 83 AD3d 727 [2011]; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175 [2010]).

Additionally, while a finding of sexual abuse of one child does not, by itself, establish that the other children in the household have been derivatively neglected, here, the father's abuse of his daughter evinced a flawed understanding of his duties as a parent and his impaired parental judgment sufficient to support the Family Court's finding that he derivatively neglected the children Christy M., Gloria M., and Jong M. (*see Matter of Kassandra V. [Sylvia L.]*, 90 AD3d 940 [2011]; *Matter of Grant W. [Raphael A.]*, 67 AD3d 922 [2009]).

The Family Court did not improvidently exercise its discretion in closing the courtroom to the public during a portion of the fact-finding hearing (*see* Family Ct Act § 1043; 22 NYCRR 205.4 [b] [3]; *Matter of Ruben R.*, 219 AD2d 117 [1996]; *Matter of Katherine B.*, 189 AD2d 443 [1993]).

We reject the father's contention that the Family Court deprived him of any due process rights or the Sixth Amendment right of confrontation when it allowed the child Rosa M. to testify outside of his presence. The father's attorney was pres-

ent and was permitted to cross-examine the child (*see Matter of Sylvia J.*, 23 AD3d 560 [2005]; *Matter of Heather S.*, 19 AD3d 606 [2005]). The Family Court properly balanced the respective interests of the parties and, based upon the record, reasonably concluded that the child would suffer emotional trauma if compelled to testify in front of the father (*see Matter of Deshawn D.O. [Maria T.O.]*, 81 AD3d 961 [2011]; *Matter of Q.-L. H.*, 27 AD3d 738 [2006]).

The record demonstrates that the father was afforded the effective assistance of counsel (*see* Family Ct Act § 262 [a] [i]; *Matter of Mariah C. [Frey C.-M.]*, 84 AD3d 1372 [2011]; *Matter of Kathleen K.*, 66 AD3d 683, 684 [2009]; *Matter of Evan F.*, 48 AD3d 811 [2008]).

Finally, the "essential consideration" in the placement of a child in a child protective proceeding and in making an award of custody is the best interests of the child, and the Family Court's determination will be upheld where it has a sound and substantial basis in the record (*Matter of Howard A.W. v Nyah Vernell J.*, 88 AD3d 733, 734 [2011] [internal quotation marks omitted]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 842 [2010]; *Matter of Ramazan U. v Belkis P.*, 303 AD2d 516, 517 [2003]). Under the totality of the circumstances, releasing the children to the custody of the Commissioner of the Department of Social Services of Rockland County had a sound and substantial basis in the record and will not be disturbed. Skelos, J.P., Florio, Lott and Miller, JJ., concur.