■ In the Matter of Trenasia J., an Infant. Administration for Children's Services, Respondent; Frank J., Appellant. (Proceeding No. 1.) In the Matter of Raymond J., an Infant. Administration for Children's Services, Respondent; Frank J., Appellant. (Proceeding No. 2.) In the Matter of Tavia J., an Infant. Administration for Children's Services, Respondent; Frank J., Appellant. (Proceeding No. 3.) In the Matter of Brije D., an Infant. Administration for Children's Services, Respondent; Frank J., Appellant. (Proceeding No. 4.) [966 NYS2d 875]—

In related child abuse and neglect proceedings pursuant to Family Court Act article 10, the father appeals (1) from a fact-finding order of the Family Court, Kings County (Turbow, J.), dated May 10, 2012, which, after a hearing, found that he abused the child Brije D., and derivatively neglected the children Trenasia J., Raymond J., and Tavia J., and (2) from an order of disposition of the same court dated November 26, 2012, which, upon the fact-finding order and after a hearing, inter alia, placed him under the petitioner's supervision for a period of six months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding

order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the father under the petitioner's supervision for a period of six months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant under the supervision of the petitioner for a period of six months must be dismissed as academic, as that portion of the order has expired by its own terms (*see Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1129 [2012]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026 [2011]; *Matter of Amber C.*, 38 AD3d 538, 539 [2007]). However, since an adjudication of abuse or neglect "constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings," the appeal from the order of disposition, which brings up for review the findings of abuse and derivative neglect in the fact-finding order dated May 10, 2012, is not academic (*Matter of Ndeye D. [Benjamin D.]*, 85 AD3d at 1027).

Contrary to the appellant's contention, the Family Court correctly found him to be a person legally responsible for his niece, the child Brije D., within the meaning of the Family Court Act (*see* Family Ct Act § 1012 [g]; *Matter of Yolanda D.*, 88 NY2d 790, 797 [1996]; *Matter of Christopher W.*, 299 AD2d 268 [2002]; *Matter of Marta B.*, 233 AD2d 667, 668 [1996]).

The petitioner established by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that the appellant abused the child Brije D. by attempting to sexually abuse her (*see* Family Ct Act § 1012 [e] [iii]; Penal Law §§ 110.00, 130.60 [2]; *Matter of Kimberly Z. [Jason Z.]*, 88 AD3d 1181 [2011]; *People v Santiago*, 16 AD3d 600 [2005]). In light of the conflicting testimony presented at the fact-finding hearing, the factual findings of the Family Court turned largely on its assessment of witnesses' credibility, which is entitled to great weight (*see Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]; *Matter of Taylor T. [Darren T.]*, 73 AD3d 1075 [2010]; *Matter of Jose I.*, 13 AD3d 446, 447 [2004]; *Matter of Cassandra C.*, 300 AD2d 303 [2002]). There is no bases here to question that assessment.

Although a finding of abuse of one child does not, by itself, establish that other children in the household have been derivatively neglected (*see Matter of Kyanna T. [Winston R.]*, 99 AD3d at 1013; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1177 [2010]), here, the appellant's attempt to sexually abuse his niece

while his two young daughters were home, at a time when he was the sole adult present, evinced a flawed understanding of his duties as a parent and impaired parental judgment sufficient to support the Family Court's finding of derivative neglect of his three children, Trenasia J., Raymond J., and Tavia J. (*see Matter of Kyanna T. [Winston R.],* 99 AD3d at 1013-1014; *Matter of Lauryn H. [William A.],* 73 AD3d at 1177; *Matter of Grant W. [Raphael A.],* 67 AD3d 922 [2009]).

The appellant's remaining contentions are without merit. Eng, P.J., Balkin, Leventhal and Miller, JJ., concur.