*810 In four related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Salinitro, J.), dated February 27, 2012, which, after a hearing, found that he neglected and abused Isabel B., neglected and derivatively abused Amparo B.T., and neglected Rafael B.T. and Carlos B.T., and (2) an order of disposition of the same court dated May 3, 2013, which, after a hearing, placed Isabel B. in the custody of the Commissioner of Social Services of the City of New York, and placed Amparo B.T., Rafael B.T., and Carlos B.T. in the custody of their paternal grandparents, with supervised visitation.
Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the order of disposition is affirmed, without costs or disbursements.
The Family Court properly excluded the father from the courtroom during Isabel B.’s testimony at the fact-finding hearing, while permitting his attorney to observe and cross-examine that child (see Matter of Kyanna T. [Winston R.], 99 AD3d 1011 [2012]; Matter of Gloria M. [Kiladi M.], 96 AD3d 1060 [2012]). A balancing of the due process rights of the father against the effect that his presence in the courtroom would have had upon Isabel’s mental and emotional well-being justified the Family Court’s determination to exclude him from the courtroom (see Matter of Christina F., 74 NY2d 532 [1989]; Matter of Elisha M.W. [Ronald W.], 96 AD3d 863 [2012]; Matter of Q.-L. H., 27 AD3d 738 [2006]).
Contrary to the father’s contentions, the Family Court’s findings of fact are supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). “ ‘Where, as here, there is conflicting testimony and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight’ ” (Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176 [2010], quoting Matter of Heather S., 19 AD3d 606, 608 [2005]; see also Matter of Taylor P., 63 AD3d 1161 [2009]; Matter of Heather S., 19 AD3d 606 [2005]).
Here, the Family Court found credible Isabel’s testimony as to instances of sexual abuse by her father that had occurred *811 when they lived in Ecuador. The element of sexual gratification can be inferred from the nature of the conduct testified to by Isabel (see Matter of Daniel R. [Lucille R.], 70 AD3d 839 [2010]). Contrary to the father’s contentions, Isabel’s sworn, in-court testimony, along with the out-of-court statement of Isabel’s brother Rafael, sufficiently corroborated her out-of-court statements of abuse (see Family Ct Act § 1046 [a] [vi]; Matter of Kyanna T. [Winston R.], 99 AD3d 1011 [2012]; Matter of Alaysha E. [John R.E.], 94 AD3d 988 [2012]). Any inconsistencies in Isabel’s testimony were insufficient to render the whole of her testimony unworthy of belief (see Matter of Jasmine A., 18 AD3d 546 [2005]).
The finding of derivative abuse as to Amparo was also proper (see Matter of Lauryn H. [William A.], 73 AD3d 1175 [2010]). The abuse of Isabel is so closely connected with the care of Amparo so as to indicate that Amparo is also at risk (see Matter of Marino S., 100 NY2d 361, 374 [2003]; Matter of Michael U. [Marcus U.], 110 AD3d 821 [2013]; see also Matter of Afton C. [James C.], 17 NY3d 1, 8-9 [2011]).
Contrary to the father’s contentions, the credible evidence at the hearing was sufficient to demonstrate the imminent risk of harm to all four children by virtue of the father’s use of excessive corporal punishment on numerous occasions (see Family Ct Act § 1012 [f] [i] [B]). The statements of Isabel, Carlos, and Rafael cross-corroborate each other as to the father’s hitting them with a belt and with an open hand (see Matter of Nicole V., 71 NY2d 112 [1987]). Isabel testified to an instance in which the father hit her with a belt and left a mark on her leg, and an instance in which the father hit Rafael with a belt and cut his head. The father’s conduct constituted excessive corporal punishment (see Matter of C. Children, 183 AD2d 767 [1992]). Therefore, the finding of neglect as to all four children was proper (see Matter of Matthew M. [Fatima M.], 109 AD3d 472 [2013]).
In light of these factual findings, the Family Court properly determined that placing the children in the care of others would be in their best interests (see Matter of Star Leslie W., 63 NY2d 136, 147 [1984]).
The determination as to visitation is within the sound discretion of the Family Court, based on the best interests of the children, and it should not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Dennis D. [Justesen], 83 AD3d 700 [2011]). The best interests of the children determine whether visitation should be permitted to a parent who has committed abuse or neglect (see Matter of Amir J.-L., *812 57 AD3d 669 [2008]). Here, the findings of sexual abuse and derivative sexual abuse are a proper basis for conditioning the father’s unsupervised visitation on his completion of a sex offender treatment program (see Matter of Enrique T. v Annamarie M., 15 AD3d 310 [2005]). Furthermore, in light of the fact that Isabel did not want to visit with her father, who continues to deny that the sexual abuse took place and refuses to participate in a sex offender treatment program, the Family Court properly issued an order of protection in favor of Isabel, without a provision for visitation (see Family Ct Act § 1030 [c]).
The father’s remaining contention is without merit.
Dickerson, J.E, Leventhal, Hall and Miller, JJ., concur.
Motion by the child Isabel B. on appeals from an order of fact-finding of the Family Court, Queens County, dated February 27, 2012, and an order of disposition of the same court dated May 3, 2013, to strike the appellant’s reply brief or stated portions thereof on the ground that the reply brief contains scandalous and prejudicial material including, inter alia, false allegations that the attorney for the child Isabel B. and the respondent’s attorney deliberately misrepresent the record. By decision and order on motion of this Court dated April 1, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the motion is denied.
Dickerson, J.E, Leventhal, Hall and Miller, JJ., concur.