■ In the Matter of DAYANNIE I.M., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SO-

CIAL SERVICES, Respondent; ROGER I.M., Appellant. (Proceeding No. 1.) In the Matter of EYLLEN I.M., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROGER I.M., Appellant. (Proceeding No. 2.) In the Matter of HILLARY I.M., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROGER I.M., Appellant. (Proceeding No. 3.) In the Matter of KEYRI I.M., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROGER I.M., Appellant. (Proceeding No. 4.) In the Matter of JACKZENNY I.M., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROGER I.M., Appellant. (Proceeding No. 5.) [29 NYS3d 61]—

Appeal from an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated July 11, 2014. The order, after a fact-finding hearing, found that the father abused and neglected the child Eyllen I.M., and derivatively abused and neglected the children Dayannie I.M., Hillary I.M., Keyri I.M., and Jackzenny I.M.

Ordered that the order of fact-finding is affirmed, without costs or disbursements.

The petitioner established by a preponderance of the evidence that the appellant sexually abused and neglected his daughter Eyllen I.M. The evidence adduced at the fact-finding hearing established that Eyllen I.M. made consistent, detailed, and explicit out-of-court statements to a child protective agency caseworker, a detective, and a school social worker, describing incidents of sexual abuse by the appellant (*see Matter of Melody H. [Dwayne H.]*, 121 AD3d 686, 687 [2014]; *Matter of Jada A. [Robert W.]*, 116 AD3d 769, 770 [2014]). The record supports the Family Court's determination that the testimony of the petitioner's child sexual abuse expert, who concluded that Eyllen I.M. exhibited behavior indicative of sexual abuse, as well as the appellant's written confession to the police that he sexually abused Eyllen I.M., sufficiently corroborated Eyllen I.M.'s out-of-court statements of sexual abuse (*see Matter of Joshua J.P. [Alquiber R.]*, 127 AD3d 1200 [2015]; *Matter of Alexis S. [Edward S.]*, 115 AD3d 866, 867 [2014]; *Matter of Emani W. [Owana E.]*, 107 AD3d 815, 816 [2013]; *Matter of Kassandra V.*

*[Sylvia L.],* 90 AD3d 940, 941 [2011]; *Matter of Tristan R.,* 63 AD3d 1075, 1077 [2009]). Although the appellant and the mother of the subject children disputed the allegations, there is no basis in the record to disturb the Family Court's assessment of the witnesses' credibility (*see Matter of Victoria P. [Victor P.],* 121 AD3d 1006, 1006-1007 [2014]; *Matter of Joshua P. [David J.],* 111 AD3d 836, 838 [2013]).

Although Eyllen I.M. recanted her allegations of sexual abuse, " '[a] child's recantation of allegations of abuse does not necessarily require [the] Family Court to accept the later statements as true because it is accepted that such a reaction is common among abused children' " (*Matter of Tristan R.,* 63 AD3d 1075, 1077 [2009], quoting *Matter of Kayla N.,* 41 AD3d 920, 922 [2007]; *see Matter of Luis N.P. [Alquiber R.],* 127 AD3d 1201, 1202 [2015]; *Matter of Charlie S. [Rong S.],* 82 AD3d 1248, 1249 [2011]). "Rather, 'recantation of a party's initial statement simply creates a credibility issue which the trial court must resolve' " (*Matter of Tristan R.,* 63 AD3d at 1077, quoting *Matter of Kayla N.,* 41 AD3d at 922). The Family Court did not err in rejecting Eyllen I.M.'s out-of-court recantation, particularly in light of the expert testimony that it was a false recantation, and that Eyllen I.M. may have been pressured to recant because the appellant was placed in jail after her disclosure (*see Matter of Melody H. [Dwayne H.],* 121 AD3d at 687; *Matter of Stephanie R.,* 21 AD3d 417, 417-418 [2005]).

Moreover, the Family Court's determination that the appellant derivatively abused and neglected the children Dayannie I.M., Hillary I.M., Keyri I.M., and Jackzenny I.M. was supported by a preponderance of the evidence. While a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively abused or neglected (*see Matter of Monica C.M. [Arnold A.],* 107 AD3d 996, 997 [2013]; *Matter of Amoya S. [Henry C.—Syvonne C.],* 100 AD3d 641, 642 [2012]; *Matter of Mindy W. [Gavriel W.],* 93 AD3d 803, 804 [2012]; *Matter of Abigail S.,* 21 AD3d 380, 381 [2005]), the appellant's sexual abuse of Eyllen I.M., which occurred while other children were present in the home, evinced a flawed understanding of his duties as a parent and impaired parental judgment sufficient to support the Family Court's finding of derivative abuse and neglect (*see* Family Ct Act § 1046 [a] [i]; *see generally Matter of Leah R. [Miguel R.],* 104 AD3d 774, 774 [2013]; *Matter of Monica C.M. [Arnold A.],* 107 AD3d 996, 997 [2013]; *Matter of Trenasia J. [Frank J.],* 107 AD3d 992, 993-994 [2013], *affd* 25 NY3d 1001 [2015]; *Matter of Aliyah G. [Arlenie G.],* 95 AD3d 885, 887 [2012]; *Matter of Rosy*

*S.*, 54 AD3d 377, 378 [2008]). Although the child Jackzenny I.M. was born after the sexual abuse occurred, the conduct was sufficiently " 'proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exist[ed]' " (*Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d 967, 969 [2014], quoting *Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076, 1077 [2011]; *see Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011]; *Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001]).

To the extent the appellant raises arguments related to the Family Court's subsequent order of fact-finding and disposition dated August 22, 2014, those contentions are not properly before this Court, as the appellant did not appeal from that order (*see* CPLR 5515 [1]; *Matter of Idhailia P. [Philip S.P.]*, 95 AD3d 1333, 1335 [2012]). Chambers, J.P., Sgroi, Roman and Duffy, JJ., concur.