Matter of Harmonee B. (Roy B.) (2018 NY Slip Op 03354)





Matter of Harmonee B. (Roy B.)


2018 NY Slip Op 03354


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-02757
 (Docket No. NA-22567-15)

[*1]In the Matter of Harmonee B. (Anonymous). Administration for Children's Services, respondent; Roy B. (Anonymous), appellant.


Deana Balahtsis, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and MacKenzie Fillow of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated February 3, 2017. The order of fact-finding, upon a decision of the same court dated February 2, 2017, made after a hearing, found that the father derivatively abused the subject child. The notice of appeal from the decision is deemed to be a notice of appeal from the order of fact-finding (see CPLR 5512[a]).
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The appellant is the father of the subject child, and, for approximately 18 months, he lived with the child, the mother of the child, and the mother's two other minor daughters (hereinafter together the siblings). Thereafter, following a domestic dispute, the mother moved out with all three children. The mother subsequently returned the subject child to the father. The Administration for Children's Services (hereinafter ACS) then commenced a child protective proceeding pursuant to Family Court Act article 10 against the father, alleging that he derivatively abused the subject child. According to ACS, the father had sexually abused the subject child's siblings during the time when they had all lived in the household, and the abuse took place in the household. After a fact-finding hearing, the Family Court found that the father had sexually abused the siblings, and that as a result, he had derivatively abused the subject child.
Contrary to the father's contention, there is no basis in the record to disturb the Family Court's assessment of the credibility of the witnesses at the fact-finding hearing (see Matter of Ebony S. [Earlind G.], 123 AD3d 1136, 1137).
We agree with the Family Court that ACS established that the father had sexually abused the siblings (see Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601-602; Matter of Jamel T. [Gemayel T.], 120 AD3d 504, 505) and that the father's acts placed the subject child at imminent risk of abuse. Although a finding of abuse or neglect of one child does not, by itself, [*2]establish that other children in the household have been derivatively abused or neglected (see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749; Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 679-680; Matter of Monica C.M. [Arnold A.], 107 AD3d 996, 997), here, the father's sexual abuse of the siblings, which occurred while the subject child was present in the home, evinced the father's flawed understanding of his duties as a parent and his impaired parental judgment sufficient to support the court's finding of derivative abuse (see Family Ct Act § 1046[a][i]; Matter of Dayannie I.M. [Roger I.M.], 138 AD3d at 749-750; Matter of Trenasia J. [Frank J.], 107 AD3d 992, 993-994, affd 25 NY3d 1001).
The father's remaining contentions are without merit.
Accordingly, the Family Court's determination that the father derivatively abused the subject child was supported by a preponderance of the evidence.
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court