Matter of Naphtali A. (Winifred A.) (2018 NY Slip Op 06733)





Matter of Naphtali A. (Winifred A.)


2018 NY Slip Op 06733


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-04320
2017-04323
2017-04325
 (Docket Nos. N-27271-15, N-27272-15, N-27273-15, N-27274-15, N-27275-15, N-27276-15)

[*1]In the Matter of Naphtali A. (Anonymous). Administration for Children's Services, respondent; Winifred A. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Yahchannah A. (Anonymous). Administration for Children's Services, respondent; Winifred A. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Noah A. (Anonymous). Administration for Children's Services, respondent; Winifred A. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Samach A. (Anonymous). Administration for Children's Services, respondent; Winifred A. (Anonymous), appellant. (Proceeding No. 4)
In the Matter of Nathanael A. (Anonymous). Administration for Children's Services, respondent; Winifred A. (Anonymous), appellant. (Proceeding No. 5)
In the Matter of Asher A. (Anonymous). Administration for Children's Services, respondent; Winifred A. (Anonymous), appellant. (Proceeding No. 6)


Carol Lipton, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Elizabeth I. Freedman of counsel), for respondent.
Steven P. Forbes, Jamaica, NY, for the children Napthali A., Noah A., and Asher A.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), for the child Yahchannah A.
Joel Borenstein, Brooklyn, NY, for the child Samach A.
Zvi Ostrin, New York, NY, for the child Nathanael A.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) a decision of the Family Court, Kings County (Ilana Gruebel, J.), dated January 23, 2017, (2) an order of fact-finding of the same court dated March 20, 2017, and (3) an order of disposition of the same court, also dated March 20, 2017. The order of fact-finding, upon the decision, found that the father, Winifred A., sexually abused and neglected the child Yahchannah A., and derivatively abused and neglected the children Naphtali A., Noah A., Samach A., Nathanael A., and Asher A. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, upon consent, released the children Naphtali A., Noah A., Samach A., Nathanael A., and Asher A. to the custody of their nonrespondent mothers and the father with supervision of the father for a period of 12 months.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Matter of Renee P.-F. v Frank G., 161 AD3d 1163; cf. CPLR 5512[a]); and it is further,
ORDERED that the appeal from so much of the order of fact-finding as determined that the father derivatively abused and neglected the children Naphtali A., Noah A., Samach A., Nathanael A., and Asher A. is dismissed, without costs or disbursements, as that portion of the order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the children Naphtali A., Noah A., Samach A., Nathanael A., and Asher A., upon consent, to the custody of their mothers and the father with supervision of the father for a period of 12 months is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In October 2015, the Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to article 10 of the Family Court Act, alleging that the father had sexually abused and neglected the child Yahchannah A., and derivatively abused and neglected the children Naphtali A., Noah A., Samach A., Nathanael A., and Asher A. At a fact-finding hearing, Yahchannah A. testified that, from the age of 5 through the age of 17, the father inserted his fingers into her vagina, performed oral sex on her, made her perform oral sex on him, and had vaginal and anal sex with her. Yahchannah A. also testified that the father stopped providing food and financial support for her in 2015. She additionally testified that she resided in the basement of the father's home, the basement was only partially lit, the refrigerator worked only sporadically, and the ceiling had partially collapsed in the bathroom, preventing her from using the bathtub. The evidence at the fact-finding hearing established that the children Noah A., Naphtali A., Asher A., and [*2]Nathaniel A. lived on the first floor of the father's house with their mother, and the child Samach A. lived on the third floor of the father's house with his mother. The father, inter alia, denied all allegations of abuse and neglect. After the fact-finding hearing, the Family Court determined that ACS had proven by a preponderance of the evidence that the father had abused and neglected Yahchannah A. and had derivatively abused and neglected the other children. After a dispositional hearing, among other things, the parties agreed that the children Naphtali A., Noah A., Samach A., Nathanael A., and Asher A., would be released to the custody of their respective mothers and the father with supervision of the father by ACS for a period of 12 months.
The appeal from so much of the order of disposition as released the children Naphtali A., Noah A., Samach A., Nathanael A. and Asher A., upon consent, to the custody of their mothers and the father with supervision of the father for a period of 12 months must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Eunice D. [James F.D.], 111 AD3d 627, 628; Matter of Brian R., 48 AD3d 576, 577). In any event, that portion of the order of disposition has been rendered academic, as it has expired by its own terms (see Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 948; Matter of Chaim R.[Keturah Ponce R.], 94 AD3d 1127, 1129). However, since an adjudication of abuse or neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the findings of derivative abuse and neglect set forth in the order of fact-finding is not academic (see Matter of Baby Boy D. [Adanna C.], 144 AD3d 1026, 1027; Matter of Eunice D. [James F.D.], 111 AD3d at 628).
The Family Court's finding that the father sexually abused the child Yahchannah A. was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178; Matter of Taurice M. [Gregory A.], 147 AD3d 844), as was the finding that he neglected her (see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Matter of Stephen L. [Patrick S.L.], 161 AD3d 1155, 1156; Matter of China C. [Alexis C.], 116 AD3d 953, 954). In light of the conflicting testimony presented at the fact-finding hearing, the factual findings of the court turned largely on its assessment of the witnesses' credibility, which is entitled to great weight (see Matter of Cashmere T. [Andrew S.], 161 AD3d at 1178; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601; Matter of Desiree P. [Michael H.], 149 AD3d 841). There is no basis in the record to disturb the court's assessment of the witnesses' credibility.
The Family Court's determination that the father derivatively abused and neglected the other subject children also was supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). There is no per se rule that a finding of abuse or neglect of one sibling requires a finding of derivative abuse or neglect with respect to the other siblings (see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749; Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694). The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment so as to create a substantial risk of harm for the other child or children in the parent's care (see Matter of Marino S., 100 NY2d 361, 374; Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567; Matter of Harmonee B. [Roy B.], 161 AD3d 852, 853; Matter of Brysen A. [Bryan A.], 161 AD3d 850, 851; Matter of Dayannie I.M. [Roger I.M.], 138 AD3d at 749). The record here supports the court's determination that the father's abuse and neglect of Yahchannah A. evinced a flawed understanding of his duties as a parent and impaired parental judgment such that the other children were at risk of substantial harm as well (see Matter of Brysen A. [Bryan A.], 161 AD3d at 851; Matter of Angelica M. [Nugene A.], 107 AD3d 803, 805; Matter of Leah R. [Miguel R.], 104 AD3d 774; Matter of Daniel W., 37 AD3d 842, 843).
The father's remaining contentions are either without merit or improperly raised for the first time in his reply brief.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court