Matter of Gabriella E. (Tricia E.) (2025 NY Slip Op 04990)

Matter of Gabriella E. (Tricia E.)

2025 NY Slip Op 04990

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-05698
2024-05701
2024-05702
 (Docket Nos. N-7063-20, N-7064-20)

[*1]In the Matter of Gabriella E. (Anonymous). Administration for Children's Services, respondent; Tricia E. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Gabriel E. (Anonymous). Administration for Children's Services, respondent; Tricia E. (Anonymous), appellant. (Proceeding No. 2)

Steven P. Forbes, Huntington, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Martin K. Rowe III of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated May 13, 2024, (2) an order of disposition of the same court dated June 3, 2024, and (3) an order of disposition of the same court also dated June 3, 2024. The order of fact-finding, after a fact-finding hearing, found that the mother sexually abused the child Gabriella E. and derivatively abused the child Gabriel E. The first order of disposition, upon the order of fact-finding and after a dispositional hearing, released the child Gabriella E. to the care of the maternal great aunt with no supervision by the petitioner. The second order of disposition, upon the order of fact-finding and after a dispositional hearing, released the child Gabriel E. to the care of the mother and the nonrespondent father with supervision by the petitioner for a period of three months.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the orders of disposition and is brought up for review on the appeals from the orders of disposition; and it is further,
ORDERED that the appeal from so much of the second order of disposition as released the child Gabriel E. to the custody of the mother and the nonrespondent father with supervision by the petitioner for a period of three months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the first order of disposition is affirmed, without costs or disbursements; and it is further,
ORDERED that the second order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother sexually abused the child Gabriella E. and derivatively abused the child Gabriel E. Following a fact-finding hearing, the Family Court found that the mother sexually abused Gabriella E. and derivatively abused Gabriel E. The mother appeals.
"'The Family Court Act defines an abused child as, inter alia, a child whose parent commits against him or her a sex offense as defined in article 130 of the Penal Law, or allows such an offense to be committed against the child'" (Matter of Naima E. [Daryl M.], 227 AD3d 901, 902, quoting Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955; see Family Ct Act § 1012[e][iii][A]; Matter of Emily R. [Magali M.C.], 226 AD3d 794, 795). "To establish its burden of showing by a preponderance of the evidence that [a parent abused or] neglected the child, a petitioner may rely upon prior out-of-court statements of the child, provided that they are properly corroborated" (Matter of Jada W. [Fanatay W.], 219 AD3d 732, 738; see Family Ct Act § 1046[a][vi]; Matter of Christina F., 74 NY2d 532, 535; Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d 1008, 1010-1011). "Family Court Act § 1046(a)(vi) states a broad flexible rule providing that out-of-court statements may be corroborated by [a]ny other evidence tending to support their reliability" (Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d at 1011 [internal quotation marks omitted]; see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118; Matter of Omnamm L. [Kumar L.], 177 AD3d 973, 975). "The Family Court, as the trier of fact, has considerable discretion in determining whether the child[ren]'s statements are sufficiently corroborated and whether the record as a whole supports a finding of [abuse]" (Matter of Logan P. [Kendell P.], 228 AD3d 867, 869 [internal quotation marks omitted]; see Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789). "Validation testimony from an expert that the child's psychological and behavioral characteristics lead the expert to conclude that the child was sexually abused may supply the corroboration of the child's out-of-court statements" (Matter of Alexis S. [Edward S.], 115 AD3d 866, 867; see Matter of Amber B., 39 AD3d 743), as well as "evidence of a change in the demeanor of a child, sexual references by a child which are not age appropriate, and detailed, consistent out-of-court statements of sexual abuse can be sufficient to corroborate a child's out-of-court statements of sexual abuse" (Matter of Jada W. [Fanatay W.], 219 AD3d at 739-740; see Matter of Osher W. [Moshe W.], 198 AD3d 904, 907).
Here, the Family Court properly found that the petitioner established by a preponderance of the evidence that the mother sexually abused Gabriella E. Gabriella E.'s out-of-court statements were corroborated by the testimony of the petitioner's validating expert witness (see Matter of Malik M. [Taishona M.], 236 AD3d 1034, 1037; Matter of Alexis S. [Edward S.], 115 AD3d at 866; Matter of Emani W. [Owana E.], 107 AD3d 815, 816), and by evidence showing that Gabriella E. had age-inappropriate knowledge of sexual matters (see Matter of Jada W. [Fanatay W.], 219 AD3d at 740; Matter of Osher W. [Moshe W.], 198 AD3d at 907).
Additionally, while a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively abused, here, the mother's abuse of Gabriella E. evinced impaired parental judgment sufficient to support the Family Court's finding of derivative abuse of Gabriel E. (see Matter of Lauryn H. [William A.], 73 AD3d 1175, 1177, citing Matter of Grant W. [Raphael A.], 67 AD3d 922). The finding of derivative abuse is not undermined by the fact that at the time of the abuse, Gabriel E. had not yet been born (see Matter of Karime R. [Robin P.], 147 AD3d 439). The evidence demonstrates that the mother's parental judgment was so defective as to create a substantial risk to any child in her care (see Matter of Davena A. [Christopher A.], 232 AD3d 595, 597, citing Matter of Kylani R. [Kyreem B.], 93 AD3d 556). "Moreover, the [mother] failed to establish by a preponderance of the evidence that the condition cannot reasonably be expected to exist currently or in the foreseeable future" (id.; see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 750).
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court