■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of WOODLEY B. and Another, Children Alleged to be Abused, Respondent, v JOSEPH B. et al., Appellants. [616 NYS2d 646] —In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of disposition of the Family Court, Queens County (Sparrow, J.), dated April 28, 1993, which, after a hearing and upon fact-finding orders of the same court dated

October 2, 1992, finding, *inter alia,* that the father had sexually abused his stepdaughter, *inter alia,* placed the children in the custody of the Commissioner of Social Services for a period of 12 months.

Ordered that the dispositional order is affirmed, without costs or disbursements.

The Family Court properly determined, based upon the medical and testimonial evidence before it, that the children were not required to testify at the fact-finding hearing and that their in-court testimony was not necessary to make a factual finding of abuse *(see,* Family Ct Act § 1046 [a] [vi]; *see generally, Matter of Nicole V.,* 71 NY2d 112; *Matter of Tammie Z.,* 66 NY2d 1). There was every indication that the child who had been the victim of the sexual abuse had been severely traumatized. An examining doctor suggested to the court that the stress inherent in requiring her to relive the abusive experiences and the pressures of being cross-examined would seriously jeopardize her fragile emotional condition. Significantly, her out-of-court statements were all consistent, the medical records corroborated her allegations of sexual abuse, and the respondent Joseph B. made an admission of sexual abuse. The victim's younger sister had made no statements concerning the sexual abuse of the victim, and there was no indication that requiring her to testify would have been helpful to any of the parties. Furthermore, the parents failed to articulate any interest outweighing that of protecting the children. Under these circumstances, the court properly determined that the girls were not required to testify.

We have reviewed the parties' remaining contentions and find them to be either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.