■ In the Matter of JAMEL T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GEMAYEL T., Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of ANAYA H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GEMAYEL T., Appellant, et al., Respondents. (Proceeding No. 2.) [989 NYS2d 908]—

In two related child neglect proceedings pursuant to Family Court Act article 10, Gemayel T. appeals (1) from an order of fact-finding of the Family Court, Kings County (White, J.), dated March 29, 2012, which, after a fact-finding hearing, found that he derivatively neglected the subject children, and (2), an order of disposition of the same court dated March 1, 2013, which, upon the order of fact-finding and after a dispositional hearing, placed the subject children in the custody of the Commissioner of Social Services of the City of New York through the next permanency hearing.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposi-

tion as placed the subject children in the custody of the Commissioner of Social Services of the City of New York through the next permanency hearing is dismissed as academic, as that permanency hearing has already been conducted (*see Matter of Diamonte O. [Tiffany R.]*, 116 AD3d 866 [2014]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the allegations that he abused or neglected a child who was not the subject of these proceedings may form the basis of a finding that he derivatively neglected the children who are the subject of these proceedings (*see* Family Ct Act § 1012 [f] [i]; *Matter of Kennedie M. [Kimberly M.]*, 89 AD3d 1544 [2011]; *Matter of Kole HH.*, 61 AD3d 1049, 1053 [2009]; *Matter of Ian H.*, 42 AD3d 701 [2007]). Further, the Family Court's determination to accept as credible the testimony of the nonsubject child that, in July 2010, the appellant had inappropriate sexual contact with her, and to reject as not credible the appellant's testimony that he did not engage in inappropriate sexual contact with the nonsubject child, is entitled to deference and is accorded great weight (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]; *Matter of Candacy C. [Clairmonte C.]*, 96 AD3d 836, 837 [2012]; *Matter of Taylor T. [Darren T.]*, 73 AD3d 1075 [2010]; *Matter of Cassandra C.*, 300 AD2d 303 [2002]). The appellant's conduct toward the nonsubject child, as well as his regular drug use, was sufficiently proximate in time to the birth of the two subject children to demonstrate, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that the appellant derivatively neglected the two subject children (*see* Family Ct Act § 1012 [f] [i]; *Matter of Chanel T. [Guillaume T.]*, 104 AD3d 953 [2013]; *Matter of Kylani R. [Kyreem B.]*, 93 AD3d 556, 557 [2012]; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011]; *Matter of Amber C.*, 38 AD3d 538, 541 [2007]; *Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001]).

The appellant's remaining contentions are without merit. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.