■ In the Matter of Taurice M. Administration for Children's Services, Respondent; Gregory A., Appellant, et al., Respondents (Proceeding No. 1.) In the Matter of Aniya K. Administration for Children's Services, Respondent; Gregory A., Appellant, et al., Respondents. (Proceeding No. 2.) In the Matter of Elijah K. Administration for Children's Services, Respondent; Gregory A., Appellant, et al., Respondents. (Proceeding No. 3.) In the Matter of Janice M. Administration for Children's Services, Respondent; Gregory A., Appellant, et al., Respondents. (Proceeding No. 4.) [47 NYS3d 352]—

Appeal by Gregory A. from an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated October 8, 2015. The order, insofar as appealed from, after a hearing, found that the appellant sexually abused the child Janice M. and derivatively neglected the children Taurice M., Aniya K., and Elijah K.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's finding that the appellant sexually abused the child Janice M. is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law § 130.30; *Matter of Melody H. [Dwayne H.]*, 121 AD3d 686 [2014]; *Matter of Jada A. [Robert W.]*, 116 AD3d 769 [2014]; *Matter of Amelia V.M.B. [Davidson B.]*, 107 AD3d 980 [2013]). Janice M.'s out-of-court statements to her therapist and two caseworkers were corroborated by medical records (*see* Family Ct Act § 1046 [a] [iv]) establishing that Janice M. had become pregnant (*see Matter of David H. [Octavia P.]*, 127 AD3d 1084 [2015]; *Matter of Commissioner of Social Servs. of City of N.Y. v Joseph B.*, 207 AD2d 885 [1994]; *Matter of Cleo K-H.*, 172 AD2d 524 [1991]; *Matter of Kimberly K.*, 123 AD2d 865 [1986]; *Matter of Nicole V.*, 123 AD2d 97 [1987], *affd* 71 NY2d 112 [1987]). Contrary to the appellant's contention, "corrobora-

tive evidence as to the identity of an abuser is not required" (*Matter of Amelia V.M.B. [Davidson B.]*, 107 AD3d at 981; *see Matter of Eddie Z.B. [Henrietta W.]*, 117 AD3d 1041 [2014]; *Matter of Justina S.*, 180 AD2d 642 [1992]; *Matter of Fawn S.*, 123 AD2d 871, 873 [1986]; *Matter of Kimberly K.*, 123 AD2d at 865; *Matter of Nicole V.*, 123 AD2d at 105). The credibility of Janice M.'s initial claim that she was impregnated by a teenage neighbor was a determination for the court given the conflicting evidence that, once the appellant learned that Janice M. was pregnant, he told her to say that the teenage neighbor was the father (*see Matter of Luis N.P. [Alquiber R.]*, 127 AD3d 1201 [2015]; *Matter of Shavar B.*, 7 AD3d 619 [2004]). There is no basis in the record to disturb the court's assessment of the witnesses' credibility (*see Matter of Dylan G. [Victor M.]*, 119 AD3d 786 [2014]).

"[A] finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively abused or neglected" (*Matter of Monica C.M. [Arnold A.]*, 107 AD3d 996, 997 [2013]; *see Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011 [2012]; *Matter of Starr H.*, 156 AD2d 1025 [1989]). The appellant's abuse of Janice M. occurred while the children Taurice M., Aniya K., and Elijah K. were asleep and the mother was at work, and the appellant's admitted role was one of caretaker for the children. The appellant demonstrated a fundamental defect in his understanding of his duties as a person with legal responsibility for the care of children, and the Family Court properly found that Taurice M., Aniya K., and Elijah K. were derivatively neglected (*see Matter of Angel R. [Syheid R.]*, 136 AD3d 1041, 1042 [2016]; *Matter of Kyanna T. [Winston R.]*, 99 AD3d at 1013; *Matter of Monica C.M. [Arnold A.]*, 107 AD3d at 997; *Matter of Bethanie AA.*, 55 AD3d 977 [2008]). Mastro, J.P., Austin, Miller and Maltese, JJ., concur.