■ In the Matter of MONICA M., a Child Alleged to be Neglected. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY M., Appellant. [56 NYS3d 739]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered December 23, 2015 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent neglected the subject child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, found that she neglected her daughter. Contrary to the mother's contention, we conclude that Family Court's finding that she neglected the child is supported by a preponderance of the evidence (*see* § 1046 [b] [i]). The undisputed evidence at the fact-finding hearing established, inter alia, that the mother left the then-seven-month-old child in the care of a person "who she knew . . . to be an inappropriate caregiver" (*Matter of Charisma D. [Sandra R.]*, 115 AD3d 441, 441 [2014]),

she violated her probation on a felony conviction by smoking marihuana while she had custody of the child (*see Matter of Chassidy CC. [Andrew CC.]*, 84 AD3d 1448, 1449 [2011]; *Matter of Nikita A.*, 16 AD3d 736, 737 [2005]), and she had not complied with substance abuse or mental health treatment on a consistent basis (*see Matter of Nhyashanti A. [Evelyn B.]*, 102 AD3d 470, 470 [2013]; *Matter of Hailey W.*, 42 AD3d 943, 944 [2007], *lv denied* 9 NY3d 812 [2007]). In addition, the psychologist who evaluated the mother on behalf of petitioner testified that, based upon the combination of the mother's significant substance abuse problems and mental health diagnoses, she was incapable of caring for the child without treatment for those conditions and, in any event, her ability to care for herself and the child was marginal even if she were engaged in such treatment (*see Matter of Majerae T. [Crystal T.]*, 74 AD3d 1784, 1785 [2010]). Thus, contrary to the mother's contention, we conclude that petitioner established by a preponderance of the evidence that the subject child was in imminent danger of impairment as a consequence of the mother's failure to exercise a minimum degree of parental care (*see* § 1012 [f] [i] [B]; *see generally Matter of Afton C. [James C.]*, 17 NY3d 1, 8-9 [2011]). Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.