■ In the Matter of BRIANNA M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CORBERT G., Appellant. (Proceeding No. 1.) In the Matter of BRITAN F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CORBERT G., Appellant. (Proceeding No. 2.) [58 NYS3d 534]—

Appeals by the father from (1) an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated February 29, 2016, and (2) an order of disposition of that court dated April 18, 2016. The order of fact-finding, after a hearing, found that the father neglected the subject children, sexually abused the child Britan F., and derivatively abused the child Brianna M. The order of disposition, after a dispositional hearing, granted an order of protection directing the father to have no contact with the child Britan F. until her 18th birthday, released the children to the custody of the nonrespondent mother with supervision by the Administration for Children's Services for a period of 12 months, and placed the father under

the supervision of the Administration for Children's Services for visits with the child Brianna M.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as released the subject children to the custody of the mother under the supervision of the Administration for Children's Services for a period of 12 months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as released the subject children to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of 12 months has been rendered academic, as it has expired by its own terms (*see Matter of Eunice D. [James F.D.]*, 111 AD3d 627, 628 [2013]; *Matter of Sarah A. [Daniel A.]*, 109 AD3d 467 [2013]; *Matter of Brian R.*, 48 AD3d 576, 577 [2008]).

Following a fact-finding hearing, the Family Court found by a preponderance of the evidence that the appellant neglected the subject children, Brianna M. and Britan F., by inflicting excessive corporal punishment upon them and by committing acts of violence against their mother in their presence. The court also found that the appellant abused the child Britan F. by committing acts of sexual abuse against her, and that Brianna M. was derivatively abused.

At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Matter of Desiree P. [Michael H.]*, 149 AD3d 841 [2017]). The Family Court's findings with respect to credibility are entitled to great weight (*see Matter of Desiree P. [Michael H.]*, 149 AD3d at 841).

Here, the Family Court's finding of neglect is supported by a preponderance of the evidence showing that the appellant inflicted excessive corporal punishment upon the subject children (*see Matter of Alanna S. [Regina A.]*, 92 AD3d 787, 788 [2012]; *Matter of Rachel H.*, 60 AD3d 1060, 1061 [2009]; *Matter*

*of Aaliyah Q.*, 55 AD3d 969, 970 [2008]). With respect to the child Brianna M., the finding of neglect was supported by independent and consistent out-of-court statements by the subject children describing the appellant's corporal punishment of her, which were corroborated by the appellant's own statements to the Child Protective Specialist assigned to investigate the family (*see Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 681 [2014]; *Matter of Jada A. [Robert W.]*, 116 AD3d 769, 770 [2014]). The evidence presented at the fact-finding hearing was also sufficient to establish that the appellant's violent abuse of the mother, in the presence of the subject children, resulted in impairment of the children's mental and emotional health (*see Matter of Deandre T.*, 253 AD2d 497, 498 [1998]).

Moreover, the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that the appellant sexually abused the child Britan F. (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law § 130.52; *Matter of Desiree P. [Michael H.]*, 149 AD3d 841 [2017]). Contrary to the appellant's contention, minor inconsistencies in Britan F.'s testimony did not render it incredible (*see Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1176-1177 [2010]; *Matter of Jasmine A.*, 18 AD3d 546, 548 [2005]; *Matter of Kryzstof K.*, 283 AD2d 431, 432 [2001]). The appellant's sexual abuse of Britan F. supported the Family Court's finding of derivative abuse of Brianna M. (*see Matter of Joshua P. [David J.]*, 111 AD3d 836, 838 [2013]; *Matter of Leah R. [Miguel R.]*, 104 AD3d 774 [2013]). Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.