Matter of Cashmere T. (Andrew S.) (2018 NY Slip Op 03847)





Matter of Cashmere T. (Andrew S.)


2018 NY Slip Op 03847


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-06830
2017-07831
 (Docket Nos. N-23401-15, N-23402-15, N-23403-15, N-23404-15)

[*1]In the Matter of Cashmere T. (Anonymous). Administration for Children's Services, respondent; Andrew S. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Kashane R. S. (Anonymous). Administration for Children's Services, respondent; Andrew S. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Keyona R. (Anonymous). Administration for Children's Services, respondent; Andrew S. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Kashawn A. S. (Anonymous). Administration for Children's Services, respondent; Andrew S. (Anonymous), appellant. (Proceeding No. 4)


Daniel P. Moskowitz, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Megan E. K. Montcalm and Devin Slack of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Andrew S. appeals from (1) an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated April 17, 2017, and (2) an order of disposition of the same court dated May 30, 2017. The order of fact-finding, after a fact-finding hearing, determined that the appellant sexually abused the child Cashmere T. and derivatively neglected the children Kashane R. S., Keyona R., and Kashawn A. S. The order of disposition, insofar as appealed from, after a dispositional hearing, directed the appellant to complete a sex offender treatment program and directed the issuance of orders of protection against him and in favor of the children Cashmere T. and Keyona R. until each child's [*2]respective 18th birthday.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10. Following a fact-finding hearing, the Family Court determined that the appellant sexually abused Cashmere T. and derivatively neglected the children Kashane R. S., Keyona R., and Kashawn A. S. After a dispositional hearing, the court, inter alia, directed the appellant to complete a sex offender treatment program and directed the issuance of orders of protection against the appellant and in favor of the children Cashmere T. and Keyona R. until each child's respective 18th birthday.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Brianna M. [Corbert G.], 152 AD3d at 601; Matter of Desiree P. [Michael H.], 149 AD3d 841, 841).
Here, ACS demonstrated, by a preponderance of the evidence, that the appellant sexually abused the child Cashmere T. (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Penal Law §§ 130.52, 130.60, and 130.65; Matter of Taurice M. [Gregory A.], 147 AD3d 844, 844). Contrary
to the appellant's contentions, minor inconsistencies in the testimony presented by ACS did not render such testimony unworthy of belief (see Matter of Brianna M. [Corbert G.], 152 AD3d at 602; Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176-1177).
While "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of . . . the respondent" (Family Ct Act § 1046[a][i]; see Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773-774), "a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively abused or neglected" (Matter of Monica C.M. [Arnold A.], 107 AD3d 996, 997). Instead, "[t]he focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of [a person with legal responsibility for the care of children]" (Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d 967, 969 [internal quotation marks omitted]; see Matter of Monica C.M. [Arnold A.], 107 AD3d at 997) or "demonstrates such an impaired level of . . . judgment as to create a substantial risk of harm for any child in [his or her] care" (Matter of Amber C., 38 AD3d 538, 540 [internal quotations marks omitted]; see Matter of Dutchess County Dept. of Social Servs. [Noreen K.], 242 AD2d 533, 534).
The evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the appellant's understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in his care (see Matter of Taurice M. [Gregory A.], 147 AD3d at 844; Matter of Eliora B. [Kennedy B.], 146 AD3d at 774).
We agree with the Family Court's determinations directing the appellant to complete a sex offender treatment program and directing the issuance of orders of protection against him and in favor of the children Cashmere T. and Keyona R. until each child's respective 18th birthday (see Matter of Victoria P. [Victor P.], 121 AD3d 1006, 1007; cf. Matter of Heather S., 19 AD3d 606, 608).
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court