Matter of Jamiah C. (Victoria O.) (2018 NY Slip Op 04714)





Matter of Jamiah C. (Victoria O.)


2018 NY Slip Op 04714


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-00063
2017-00065
 (Docket Nos. N-1635-13, N-1636-13, N-1637-13, N-1638-13)

[*1]In the Matter of Jamiah C. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Victoria O. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Donyea C. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Victoria O. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2)


Maria J. Frank, Yorktown Heights, NY, for respondent-appellant.
John M. Nonna, County Attorney, White Plains, NY (Stacey Dolgin-Kmetz and Eileen Campbell O'Brien of counsel), for petitioner-respondent.
David J. Peck, Harrison, NY, attorney for the child Jamiah C.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Westchester County (Janet C. Malone, J.), dated May 15, 2013, and (2) an order of disposition of the same court (Rachel Hahn, J.), dated August 23, 2016. The order of fact-finding, insofar as appealed from, after a hearing, found that the mother neglected the subject children. The order of disposition, after a hearing, inter alia, placed the mother and the child Jamiah C. under the supervision of the Westchester County Department of Social Services until February 24, 2017.
ORDERED that appeal from so much of the order of fact-finding as found that the mother neglected the subject children is dismissed, without costs or disbursements, as that portion of the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the mother and the child Jamiah C. under the supervision of the Westchester County Department of Social Services until February 24, 2017, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject children. After a fact-finding hearing, the Family Court found that the mother neglected the subject children. Thereafter, an order of disposition was entered regarding the child Jamiah C. No order of disposition regarding the child Donyea C. was issued, as the court found that Donyea C. had reached the age of 18.
The appeal from so much of the order of disposition as placed the mother and the child Jamiah C. under the supervision of the Westchester County Department of Social Services until February 24, 2017, has been rendered academic, as it has expired by its own terms (see Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601; Matter of Sarah A. [Daniel A.], 109 AD3d 467).
"In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759; see Family Ct Act § 1046[b][i]). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Brianna M. [Corbert G.], 152 AD3d at 601).
Here, the Family Court's finding of neglect of the subject children based on the mother's misuse of alcohol which resulted in her loss of control (see Family Ct Act § 1012 [f][i][B]) and her inability to provide the children with proper oversight (see Nicholson v Scoppetta, 3 NY3d 357, 372) is supported by a preponderance of the evidence. The evidence presented at the fact-finding hearing showed that the children were aware that their mother and father were under the influence of drugs and alcohol during an incident which occurred in January 2013, that a responding police officer observed the mother to be under the influence of drugs or alcohol and had the odor of alcoholic beverages on her breath, and that the mother admitted to a caseworker that she drank alcohol that night. Further, during her testimony the mother minimized the effects of the domestic violence engaged in by the father against her and an adult child that night, acts which were committed in the presence of the subject children, and exhibited a total lack of awareness of the impact that witnessing that violence would have upon the subject children (see Matter of Angelique L., 42 AD3d 569, 572).
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court