Matter of Kayla B. (Irina B.) (2018 NY Slip Op 08125)





Matter of Kayla B. (Irina B.)


2018 NY Slip Op 08125


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-10597
 (Docket Nos. N-14351-15, N-14352-15, N-14353-15, N-14354-15, N-14355-15)

[*1]In the Matter of Kayla B. (Anonymous). Administration for Children's Services, petitioner-respondent; Irina B. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Rebekah B. (Anonymous). Administration for Children's Services, petitioner-respondent; Irina B. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Joseph B. (Anonymous). Administration for Children's Services, petitioner-respondent; Irina B. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Esther B. (Anonymous). Administration for Children's Services, petitioner-respondent; Irina B. (Anonymous), appellant, et al., respondent. (Proceeding No. 4)
In the Matter of Hannah B. (Anonymous). Administration for Children's Services, petitioner-respondent; Irina B. (Anonymous), appellant, et al., respondent. (Proceeding No. 5)


Irina B., Brooklyn, NY, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Carolyn Walther of counsel), for respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell, John A. Newbery, and Kaitlin Andrews of counsel), attorney for the child Kayla B.
Larry S. Bachner, New York, NY, attorney for the child Rebekah B.
Richard P. Reyes, New York, NY, attorney for the children Joseph B. and Hannah B.
Virginia Geiss, Brooklyn, NY, attorney for the child Esther B.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Erik S. Pitchal, J.), dated August 25, 2017. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the children Kayla B., Rebekah B., and Esther B., and derivatively neglected the children Joseph B. and Hannah B.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the children Kayla B., Rebekah B., and Esther B., and derivatively neglected the children Joseph B. and Hannah B. Following a fact-finding hearing, the Family Court found that a preponderance of the evidence established that the mother neglected Kayla, Rebekah, and Esther, and derivatively neglected Joseph and Hannah. The mother appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Brianna M. [Corbert G.], 152 AD3d 600; Matter of Desiree P. [Michael H.], 149 AD3d 841). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Brianna M. [Corbert G.], 152 AD3d at 601; Matter of Monica M. [Mary M.], 151 AD3d 1705; Matter of Jamel T. [Gemayel T.], 120 AD3d 504).
Here, a preponderance of the evidence adduced at the fact-finding hearing established that the mother neglected Kayla, Rebekah, and Esther by using excessive corporal punishment (see Family Ct Act 1012[f][i][B]; Matter of Michele S. [Yi S.], 157 AD3d 551; Matter of Genesis F. [Xiomaris S.], 121 AD3d 526; Matter of James S. [Kathleen S.], 88 AD3d 1006). Moreover, since the mother's conduct toward Kayla, Rebekah, and Esther demonstrated a fundamental defect in her understanding of parental duties relating to the care of children, there was sufficient evidence from which to make a derivative neglect finding as to Hannah and Joseph (see Matter of James S. [Kathleen S.], 88 AD3d 1006; Matter of Devontay M., 56 AD3d 561; Matter of Nicholas L., 50 AD3d 1141).
The mother's contention that she was deprived of the effective assistance of counsel is without merit. The record shows that the mother was afforded meaningful representation, thereby satisfying the constitutional standard (see Matter of Dean J.K. [Joseph D.K.], 121 AD3d 896; Matter of Alfred C., 237 AD2d 517).
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court