Matter of Antonio T. (Franklin T.) (2019 NY Slip Op 00888)





Matter of Antonio T. (Franklin T.)


2019 NY Slip Op 00888


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-12130
2017-12131
 (Docket Nos. N-6688-16, N-6689-16, N-6690-16, N-6691-16, N-6692-16, N-6693-16, N-6694-16, N-15169-16)

[*1]In the Matter of Antonio T. (Anonymous). Administration for Children's Services, petitioner- respondent; Franklin T. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Quincy J. (Anonymous). Administration for Children's Services, petitioner- respondent; Franklin T. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Diamond J. (Anonymous). Administration for Children's Services, petitioner- respondent; Franklin T. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Emani T. (Anonymous). Administration for Children's Services, petitioner- respondent; Franklin T. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 4)
In the Matter of Xavier J. (Anonymous). Administration for Children's Services, petitioner- respondent; Franklin T. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 5)
In the Matter of Anisha J. (Anonymous). Administration for Children's Services, petitioner- respondent; Franklin T. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 6)
In the Matter of Destiney J. (Anonymous).
Administration for Children's Services, petitioner- respondent; Franklin T. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 7)
[*2]
In the Matter of Omari T. (Anonymous). Administration for Children's Services, petitioner- respondent; Franklin T. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 8)
 Steven P. Forbes, Jamaica, NY, for respondent-appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Deborah E. Wassel of counsel), for petitioner-respondent.
Lesley J. Lanoix, Jamaica, NY, attorney for the children Antonio T., Emani T., Xavier J., and Omari T.
Eric Perlmutter, Jamaica, NY, attorney for the child Quincy J.
Maria V. de la Cruz, Jamaica, NY, attorney for the child Diamond J.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child Anisha J.
Angela Starr, Massapequa Park, NY, attorney for the child Destiney J.



DECISION & ORDER
In eight related proceedings pursuant to Family Court Act article 10, Frank T. appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated September 18, 2017, and (2) an order of disposition of the same court dated October 11, 2017. The order of fact-finding, after a fact-finding hearing, determined that the appellant sexually abused the children Anisha J. and Diamond J., derivatively abused the children Antonio T., Quincy J., Emani T., Xavier J., Destiney J., and Omari T., and neglected all of the children. The order of disposition, inter alia, directed the appellant to participate in a sex offender treatment program and to comply with orders of protection in favor of the children.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these eight related proceedings pursuant to Family Court Act article 10. Following a fact-finding hearing, the Family Court determined, inter alia, that the appellant sexually abused Diamond J. and Anisha J., derivatively abused Antonio T., Quincy J., Emani T., Xavier J., Destiney J., and Omari T., and neglected all of the children. The order of disposition, inter alia, directed the appellant to participate in a sex offender treatment program and to comply with orders of protection in favor of the children.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). The Family Court's findings with respect to credibility are entitled to great weight on appeal (see Matter of Brianna M. [Corbert G.], 152 AD3d at 601; Matter of Zephyr D. [Luke K.], 148 AD3d 1013, 1014).
Here, ACS demonstrated by a preponderance of the evidence that the appellant sexually abused the children Diamond J. and Anisha J. (see Family Ct Act § 1012[e][iii]; Penal Law § 130.45[1]; Matter of Taurice M. [Gregory A.], 147 AD3d 844, 844-845). The out-of-court statements of Diamond J. and Anisha J. cross-corroborated each other and were corroborated by the mother's testimony confirming certain events (see Matter of Nicole V., 71 NY2d 112, 118; Matter of Asher M. [Orton M.], 158 AD3d 766, 767; Matter of Mateo S. [Robin Marie Y.], 118 AD3d 891, 893; Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 627; Matter of Tristan R., 63 AD3d 1075, 1077). Moreover, a derivative finding of abuse as to other children was warranted, as the evidence demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in the appellant's care (see Matter of Marino S., 100 NY2d 361, 374; Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784; Matter of Brysen A. [Bryan A.], 161 AD3d 850, 851).
The Family Court's determination that the appellant neglected Quincy J. and Anisha J. by virtue of his infliction of excessive corporal punishment upon them was also supported by a preponderance of the evidence. The out-of-court statement of Quincy J. was corroborated by the confirmation of events by Diamond J. and Anisha J., as well as the personal observation of his injury by both the mother and an ACS caseworker (see Matter of Era O. [Emmanuel O.], 145 AD3d 895, 897-898; Matter of Ishaq B. [Lea B.], 121 AD3d 889, 890; Matter of Arique D. [Elizabeth A.], 111 AD3d at 627). The out-of-court statement of Anisha J. was corroborated by the mother's personal observation of Anisha J.'s injury, as well as the out-of-court statement of Quincy J. regarding a similar incident (see Matter of Adreanna M. [Kety M.], 95 AD3d 1213, 1214).
Further, a preponderance of the evidence supported the Family Court's determination that the appellant neglected Diamond J., Anisha J., and Antonio T. based upon his failure to provide adequate dental care (see Matter of Michael P. [Orthensia H.], 137 AD3d 499, 500; Matter of Josephine BB. [Rosetta B.], 114 AD3d 1096, 1097).
Finally, the Family Court's determination that the appellant neglected all of the children by exposing them to unsanitary and deplorable living conditions was supported by a preponderance of the evidence (see Matter of Stephen L. Jr. [Patrick S.L.], 161 AD3d 1155, 1156; Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901; Matter of China C. [Alexis C.], 116 AD3d 953, 954).
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court