Matter of Noah N. (Herold N.) (2020 NY Slip Op 03394)





Matter of Noah N. (Herold N.)


2020 NY Slip Op 03394


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-07757
2019-07758
2019-07759
 (Docket Nos. N-9086-17, N-9087-17, N-9088-17)

[*1]In the Matter of Noah N. (Anonymous). Administration for Children's Services, respondent; Herold N. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Jakob D. (Anonymous). Administration for Children's Services, respondent; Herold N. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Mia N. (Anonymous). Administration for Children's Services, respondent; Herold N. (Anonymous), appellant. (Proceeding No. 3)


Kyle Sosebee, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Claibourne Henry of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Herold N. appeals from (1) an order of fact-finding of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated February 26, 2019, (2) an order of disposition of the same court dated May 9, 2019, and (3) an order of protection of the same court also dated May 9, 2019. The order of fact-finding, after a fact-finding hearing, determined that Herold N. neglected the subject children. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, directed Herold N. to complete a batterer's accountability program, to comply with counseling until his therapist deems such therapy complete, and to sign releases so that his compliance could be monitored by the Administration for Children's Services. The order of protection, among other things, directed Herold N. to refrain from assaulting, stalking, or harassing the subject children until and including May 8, 2020.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal from order of protection is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The appeal from the order of fact-finding must be dismissed, because that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition. The appeal from the order of protection must be dismissed as academic because it has expired on its own terms and imposes no enduring consequences on Herold N. (see Matter of Ariana M. [Edward M.], 179 AD3d 923, 925; Matter of Max F. [Emma F.-G.], 97 AD3d 816, 817).
The petitioner commenced related proceedings pursuant to Family Court Act article 10, alleging that Herold N. (hereinafter the father), the biological father of Noah N. and Mia N., and a person legally responsible for Jakob D., neglected the children. Following a fact-finding hearing, the Family Court found, by a preponderance of the evidence, that the father neglected the subject children. The father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Brianna M. [Corbert G.], 152 AD3d 600; Matter of Desiree P. [Michael H.], 149 AD3d 841). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Brianna M. [Corbert G.], 152 AD3d at 601; Matter of Monica M. [Mary M.], 151 AD3d 1705; Matter of Jamel T. [Gemayel T.], 120 AD3d 504).
Here, the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that the father neglected the children by committing an act of domestic violence against the mother while the children were nearby. The children observed the aftermath of the incident, which included seeing the mother bleeding from her head and crying, as well accompanying her in an ambulance to the hospital (see Family Ct Act § 1012[f][i][B]; Matter of Celeste O. [Calvin A.], 119 AD3d 586; Matter of Carmine G. [Franklin G.], 115 AD3d 594; Matter of Angie G. [Jose D.G.], 111 AD3d 404; Matter of Mohammad K.B. [Mohammed K-M.], 99 AD3d 796). The evidence at the hearing further supported the Family Court's determination that the father neglected Jakob D. by using excessive corporal punishment on him (see Family Ct Act § 1012[f][i][B]; Matter of Lea E.P. [Jason J.P.], 176 AD3d 715; Matter of Zana C. [Dana F.], 171 AD3d 1045, 1047; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955; Matter of Imaani A. [Rafiyq A.], 150 AD3d 845; Matter of Tayleese M.C. [Tunisha H.], 127 AD3d 1077; Matter of Dylan G. [Victor M.], 119 AD3d 786; Matter of Nurridin B. [Louis J.], 116 AD3d 770; Matter of Aaliyah Q., 55 AD3d 969; Matter of Nicholas L., 50 AD3d 1141).
MASTRO, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court