Matter of Syncere R. (Imeisha P.) (2020 NY Slip Op 07201)





Matter of Syncere R. (Imeisha P.)


2020 NY Slip Op 07201


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-09761
 (Docket Nos. N-3510-18, N-3511-18, N-3512-18, N-3513-18, N-3514-18, N-3515-18, N-3516-18, N-3517-18, N-3518-18)

[*1]In the Matter of Syncere R. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Sir'Vonte S. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Alyijah S. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Aiden S. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 4)
In the Matter of Amari S. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 5)
In the Matter of Tahjir S. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 6)
In the Matter of Amir C. S. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 7)
In the Matter of Nyasia J. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant.
(Proceeding No. 8)
In the Matter of Nyomi P. (Anonymous). [*2]Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 9)


Kyle Sosebee, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and MacKenzie Fillow of counsel), for respondent.
Jeffrey C. Bluth, New York, NY, attorney for the children Syncere R., Sir'Vonte S., Alyijah S., Aiden S., Amari S., Tahjir S., and Amir C. S.
Robert Marinelli, New York, NY, attorney for the child Nyasia J.
Christine Theodore, Spring Valley, NY, attorney for the child Nyomi P.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Elizabeth Barnett, J.), dated July 16, 2019. The order, after a fact-finding hearing, found that the mother neglected the child Nyasia J., and derivatively neglected the other subject children.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject child Nyasia J., and derivatively neglected the other subject children. Following a fact-finding hearing, the Family Court found that a preponderance of the evidence established that the mother neglected Nyasia J., and derivatively neglected the other children. The mother appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Brianna M. [Corbert G.], 152 AD3d 600; Matter of Desiree P. [Michael H.], 149 AD3d 841). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Brianna M. [Corbert G.], 152 AD3d at 601; Matter of Monica M. [Mary M.], 151 AD3d 1705; Matter of Jamel T. [Gemayel T.], 120 AD3d 504).
Here, a preponderance of the evidence adduced at the fact-finding hearing established that the mother neglected Nyasia J. by using excessive corporal punishment (see Family Ct Act 1012[f][i][B]; Matter of Michele S. [Yi S.], 157 AD3d 551; Matter of Genesis F. [Xiomaris S.], 121 AD3d 526; Matter of James S. [Kathleen S.], 88 AD3d 1006). Moreover, since the mother's conduct toward Nyasia J. demonstrated a fundamental defect in her understanding of parental duties relating to the care of children, there was sufficient evidence from which to make a derivative neglect finding as to the other children (see Matter of James S. [Kathleen S.], 88 AD3d 1006; Matter of Devontay M., 56 AD3d 561; Matter of Nicholas L., 50 AD3d 1141).
In light of our determination, we need not address the mother's remaining contention.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court