Matter of Cesar V. (Jorge V.) (2021 NY Slip Op 05656)





Matter of Cesar V. (Jorge V.)


2021 NY Slip Op 05656


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Docket No. NN-30572/18 NN-30573/18 Appeal No. 14375 Case No. 2020-03045 

[*1]In the Matter of Cesar V. and Another, Children Under Eighteen Years of Age, etc., Jorge V., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 


Harold, Salant, Strassfield & Spielberg, White Plains (Jerold C. Rotbard of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order of fact-finding and disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about March 3, 2020, which, to the extent appealed from, found that respondent father neglected the subject children, unanimously affirmed, without costs.
Respondent's argument that the finding of neglect is not supported by a preponderance of the evidence is unpreserved, since he failed to move to dismiss the petition on that basis. In any event, we reject it on the merits. The record shows that respondent struck the children's mother in the family home while at least one of the children was present and that, although the child did not see respondent strike the mother, he saw the mother's resulting injury (see Matter of Carmine G. [Franklin G.], 115 AD3d 594, 594 [1st Dept 2014]; Matter of Noah N. [Herold N.], 184 AD3d 733, 734 [2d Dept 2020]; Family Court Act 1046[b][i]). The child's out-of-court statement that he saw the mother's nose bleeding after she and respondent had argued was corroborated by the mother's testimony (see Family Court Act § 1046[a][vi]).
Further, the record shows that respondent engaged in a pattern of domestic violence against the mother (see Matter of Angie G. [Jose D.G.], 111 AD3d 404 [1st Dept 2013]). We see no reason to disturb the court's credibility determinations. Contrary to respondent's contentions, impairment or imminent danger of impairment to the children's physical, mental, or emotional condition could be inferred from his conduct (see Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021