Matter of Jaslene P. (Jose P.) (2025 NY Slip Op 02208)

Matter of Jaslene P. (Jose P.)

2025 NY Slip Op 02208

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-01748
2024-01749
2024-01750
 (Docket Nos. N-14230-22, N-14231-22, N-14232-22)

[*1]In the Matter of Jaslene P. (Anonymous). Administration for Children's Services, petitioner- respondent; Jose P. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Janiece P. (Anonymous). Administration for Children's Services, petitioner- respondent; Jose P. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Janelle P. (Anonymous). Administration for Children's Services, petitioner- respondent; Jose P. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)

Marion C. Perry, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Chase Henry Mechanick of counsel), for petitioner-respondent.
Cheryl Charles-Duval, Brooklyn, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from three orders of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), all dated February 8, 2024. The first order of fact-finding and disposition, insofar as appealed from, upon a decision of the same court dated February 8, 2024, made after a fact-finding hearing, and after a dispositional hearing, found that the father abused the child Janelle P. and directed the father to comply with the terms of an order of protection. The second order of fact-finding and disposition, insofar as appealed from, upon the decision, and after the dispositional hearing, found that the father derivatively abused the child Jaslene P., and placed that child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The third order of fact-finding and disposition, insofar as appealed from, upon the decision, and after the dispositional hearing, found that the father derivatively abused the child Janiece P., and placed that child in the custody of the Commissioner of Social Services of the City [*2]of New York until the completion of the next permanency hearing.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
In August 2022, the petitioner filed three petitions, one as to each child, alleging, inter alia, that the father sexually abused the child Janelle P. and derivatively abused the children Jaslene P. and Janiece P. In three separate orders of fact-finding and disposition, all dated February 8, 2024, after fact-finding and dispositional hearings, the Family Court found that the father abused Janelle P. and derivatively abused Jaslene P. and Janiece P. The court, among other things, placed Jaslene P. and Janiece P. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. Because Janelle P. had reached the age of majority, the court directed the father to comply with an order of protection. The father appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Esther R.-M.D. [Carry Q.], 232 AD3d 738, 740 [internal quotation marks omitted]; see Matter of Nyla S. [Jason B.], 224 AD3d 691, 692). "The Family Court's credibility findings are entitled to great weight" (Matter of Nyla S. [Jason B.], 224 AD3d at 692; see Matter of Esther R.-M.D. [Carry Q.], 232 AD3d at 740).
"In neglect proceedings, [u]nsworn out-of-court statements of the [children] may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Jazlynn K. [Genesis S.], 231 AD3d 952, 954 [internal quotation marks omitted]; see Matter of Logan P. [Kendell P.], 228 AD3d 867, 868). "Corroboration means any other evidence tending to support the reliability of the previous statements" (Matter of Jazlynn K. [Genesis S.], 231 AD3d at 954 [internal quotation marks omitted]). "Siblings' out-of-court statements may cross-corroborate each other when they independently and consistently describe similar incidents of abuse or neglect" (id. [internal quotation marks omitted]; see Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 909).
Here, contrary to the father's contention, the Family Court properly determined that Janelle P.'s out-of-court statements alleging abuse were corroborated by, inter alia, the testimony of her adult sister alleging "similar incidents" of sexual abuse committed by the father against her in a prior, unrelated proceeding (Matter of Alexander S. [Gabriel H.], 224 AD3d at 909). A preponderance of the evidence at the fact-finding hearing supported the court's finding of sexual abuse as to Janelle P. (see Matter of Brianna M. [Corbert G.], 152 AD3d 600, 602). The father's abuse of Janelle P. supported the court's finding of derivative abuse as to Jaslene P. and Janiece P. since it "evinced a flawed understanding of his duties as a person legally responsible for a child and impaired judgment sufficient to support a finding of derivative [abuse] as to the other children" (Matter of Alexander S. [Gabriel H.], 224 AD3d at 911).
The father's remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court