Matter of Chance F. (Roy F.) (2025 NY Slip Op 03063)

Matter of Chance F. (Roy F.)

2025 NY Slip Op 03063

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-00645
 (Docket Nos. N-6831-20, N-6832-20, N-7381-21)

[*1]In the Matter of Chance F. (Anonymous). Administration for Children's Services, petitioner-respondent; Roy F. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Anamaria H. (Anonymous). Administration for Children's Services, petitioner-respondent; Roy F. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Giselle Z. H. (Anonymous). Administration for Children's Services, petitioner-respondent; Roy F. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)

Lisa A. Manfro, Glen Cove, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Jennifer D. Hersh, Cedarhurst, NY, attorney for the child Chance F.
Fabiola J. Gilles, Forest Hills, NY, attorney for the child Anamaria H.
Carol Kahn, New York, NY, attorney for the child Giselle Z. H.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Roy F. appeals from an order of fact-finding and disposition of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated December 22, 2023. The order of fact-finding and disposition, insofar as appealed from, after a hearing, found that Roy F. abused and neglected the subject children Anamaria H. and Giselle Z. H. and derivatively abused and neglected the subject child Chance F.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article [*2]10, alleging, inter alia, that the appellant abused and neglected the children Anamaria H. and Giselle Z. H. and derivatively abused and neglected the child Chance F. Following a fact-finding hearing, the Family Court found that the appellant abused and neglected Anamaria H. and Giselle Z. H., for whom he was a person legally responsible, and derivatively abused and neglected Chance F., his son.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject children have been abused or neglected (see id. § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Mariliz G. [Jamie G.], 207 AD3d 627).
Here, the petitioner demonstrated by a preponderance of the evidence that the appellant sexually abused Anamaria H. and Giselle Z. H. (see Family Ct Act § 1012[e][iii]; Matter of Taurice M. [Gregory A.], 147 AD3d 844, 844-845) and neglected them by inflicting excessive corporal punishment (see Family Ct Act § 1012[f][i][B]; Matter of Leah S. [Barnett V.], 228 AD3d 667, 668-669). Those children's out-of-court statements cross-corroborated each other (see Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 909) and the Family Court's determination that the children's recantation was not credible is supported by the record and will not be disturbed (see Matter of Jazlynn K. [Genesis S.], 231 AD3d 952, 955; Matter of Mariliz G. [Jamie G.], 207 AD3d at 629). "[W]here, as here, the Family Court is primarily confronted with issues of credibility, its findings must be accorded deference on appeal, as they were supported by the record" (Matter of Jada A. [Robert W.], 116 AD3d 769, 770).
Moreover, contrary to the appellant's contention, the Family Court's finding that he derivatively abused and neglected Chance F. was supported by a preponderance of the evidence. "'[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent'" (Matter of Nyla S. [Jason B.], 224 AD3d 691, 693, quoting Family Ct Act § 1046[a][i]). "The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for the other child or children in the [respondent's] care" (Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 912). Here, the evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the appellant's understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in his care (see Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 956).
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court